COMMONWEALTH
*vs*
BRANDON.

a betting on the success of either candidate, but a bet or wager on or about, or in relation to the election to be held, by which undue exertions may be stimulated to operate upon or embarrass or influence the voting.

*Cates, Attorney General*, for Commonwealth.

---

INDICTMENT.

*Case 2.*

Sept. 5.

The case stated.

## Commonwealth *vs* Brandon.

### ERROR TO THE MONROE CIRCUIT.

#### *Horses and Jacks.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THE grand jury found a presentment against Brandon "for unlawfully standing a covering Jack," in the county

of Monroe, "at a price for the season to the jurors unknown, without having obtained a license to stand said Jack." The law and facts of the case having been submitted to the Court, it was proven in behalf of the Commonwealth, that the defendant let the Jack to mares at a certain rate per season, for each mare, the rate not stated. But it was stated that the defendant was not the owner of the Jack, but his owner, without stating who he was, lived in another county, and had employed the defendant to keep the Jack during the season, and that the defendant had no interest in the season or in the profits thereof, but superintended the Jack and let him to mares on hire.

If the defendant could escape responsibility by showing that he acted as the agent of the owner only, he should at least have shown, by his proof, who the owner or his principal was. But the language of the statute is "that no *person* shall hereafter *stand* any covering horse or Jack, until he has applied to the Clerk of the County Court and obtained a license. And if any *person* shall hereafter *stand* a covering horse or Jack, without a license, he or she shall be subject to a fine of ten dollars and tripple tax." The person who superintends and lets a Jack to mares, in common parlance, may and is as well denominated a *person* who *stands* him, as the owner. It is the standing him by the season, within the State, without license, that constitutes the offence; and if any person be guilty, whether he be the owner or another, he is liable to the fine. Whether he be the owner or not, he may obtain the license, and it is his duty to do so if the owner has not, before he stands him. If no other than the owner were liable, it would be quite easy to violate the law with impunity, and evade the penalty, by transferring the ownership to a person who lived out of the State or beyond the process of our Courts, or non-residents might crowd the State with standing horses and Jacks, without paying the tax required by our laws.

The price by the season not being shown by the proof, the tripple tax cannot be assessed, but the fine of ten dollars may be.

Judgment reversed and cause remanded, that a new trial may be granted.

*Cates, Attorney General,* for Commonwealth.

COMMONWEALTH
*vs*
BRANDON.

One who keeps a covering horse or Jack, for hire, though he be not the owner, is liable to a fine and tripple tax for so doing.